Roger GULLETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–CA–002130–MR.

Court of Appeals of Kentucky.

Sept. 19, 2008.

Jason C. Rapp, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON and STUMBO, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge.

Roger Gullett pleaded guilty in the Fayette Circuit Court to criminal attempt to commit sexual abuse in the first degree, a misdemeanor.[2] The court sentenced Gullett to 12 months in jail but probated the sentence for two years on various conditions. Gullett moved the court that he not be required to register as a sex offender. Concluding that Gullett had been convicted of a sex crime, the court denied his motion and required him to register as a sex offender "because of the age of the victim."[3] Gullett appealed from this portion of the judgment. We affirm.

Kentucky Revised Statutes (KRS) 17.510 states in pertinent part as follows:

Any person who has been convicted in a court of any state or territory, a court of the United States, or a similar conviction from a court of competent jurisdiction in any other country, or a court martial of the United States Armed Forces of a sex crime or criminal offense against a victim who is a minor ... shall comply with the registration requirement of this section[.]

KRS 17.510(6).

"Sex crime" means:

(a) A felony offense defined in KRS Chapter 510, or KRS 530.020, 530.064(1)(a), 531.310, or 531.320;

(b) A felony attempt to commit a felony offense specified in paragraph (a) of this subsection; or

(c) A federal felony offense, a felony offense subject to a court-martial of the United States Armed Forces, or a felony offense from another state or a territory where the felony offense is similar to a felony offense specified in paragraph (a) of this subsection[.]

KRS 17.500(8).

The statutes also define a "criminal offense against a victim who is a minor":

(3)(a) Except as provided in paragraph (b) of this subsection, "criminal offense against a victim who is a minor" means any of the following offenses if the victim is under the age of eighteen (18) at the time of the commission of the offense:

1. Kidnapping, as set forth in KRS 509.040, except by a parent;

2. Unlawful imprisonment, as set forth in KRS 509.020, except by a parent;

3. Sex crime;

4. Promoting a sexual performance of a minor, as set forth in KRS 531.320;

5. Human trafficking involving commercial sexual activity as set forth in KRS 529.100;

6. Promoting prostitution, as set forth in KRS 529.040, when the defendant advances or profits from the prostitution of a person under the age of eighteen (18);

7. Use of a minor in a sexual performance, as set forth in KRS 531.310;

8. Sexual abuse, as set forth in KRS 510.120 and 510.130;

9. Unlawful transaction with a minor in the first degree as set forth in KRS 530.064(1)(a);

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. The final judgment incorrectly referred to the offense as "Criminal Abuse to Sexual Abuse 1st Degree."

3. The victim was nine years old at the time of the offense.

10. Any offense involving a minor or depictions of a minor as set forth in KRS Chapter 531;

11. Any attempt to commit any of the offenses described in subparagraphs 1. to 10. of this paragraph; and

12. Solicitation to commit any of the offenses described in subparagraphs 1. to 10. of this paragraph[.]

KRS 17.500(3)(a).

The definition of "registrant" includes

Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:

1. A sex crime; or

2. A criminal offense against a victim who is a minor[.]

KRS 17.500(5)(a).

Gullett argues that he should not have been required to register as a sex offender because he neither committed a "sex crime" nor "a criminal offense against a victim who is a minor," as those terms are defined above. The Commonwealth responds that "[a]ppellant was required to register, not because he committed a sex crime, but because he committed 'a criminal offense against a victim who is a minor.'" We agree with the Commonwealth.

A person has committed "a criminal offense against a victim who is a minor" if he attempted to commit a sex crime and the victim was under 18 years of age. *See* KRS 17.500(3)(a)3. and 11. The definition of "sex crime" includes a "felony offense defined in KRS Chapter 510[.]" *See* KRS 17.500(8)(a). Sexual abuse in the first degree is an offense defined in KRS Chapter 510 (*see* KRS 510.110) and is, therefore, a "sex crime." Thus, as argued by the Commonwealth, because Gullett committed "a criminal offense against a victim who is a minor," he was required to register as a sex offender. *See* KRS 17.510(6).

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.